**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CHRISTINA BAREFOOT, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| FORSYTH LAW OFFICES, P.C., ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| Defendant ) | |
| ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

CHRISTINA BAREFOOT ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FORSYTH LAW OFFICES, P.C. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has an office in the State of Massachusetts and therefore, personal jurisdiction is established.

PLAINTIFF'S COMPLAINT

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Assonet, Massachusetts, 02702.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a debt collection company with corporate headquarters located at P.O. Box 320530, in Boston, Massachusetts, 02132.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

PLAINTIFF'S COMPLAINT

**FACTUAL ALLEGATIONS**

15. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff in regards to a Fleet Bank account.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. In 1999, Plaintiff had a credit card account with Fleet Bank, in which Plaintiff disputed several of the charges that were attributed to the account.

18. Plaintiff went back and forth with Fleet Bank several times in order to clear up the disputed charges, but was unable to resolve the matter.

19. In 2001, Plaintiff was told by a Fleet Bank representative to stop calling, her [Plaintiff's] account had been "charged off".

20. However on or around May of 2001, Plaintiff received a bill from Fleet Bank requesting payment for $388.00 the minimum amount owed. A true and correct copy of the May Bill is attached hereto as Exhibit "A".

21. In good faith Plaintiff sent Fleet Bank the $388.00 payment. A true and correct copy of Plaintiff's payment check is attached hereto as Exhibit "B".

22. Fleet Bank cashed the payment on or around June of 2001, despite already telling Plaintiff that they were no longer collecting on her account.

23. On or around April 6, 2007, Plaintiff received a letter, addressed to her maiden name "MacNeil", from David Taylor & Associates, indicating that Norfolk Financial Group was the successor in interest of the debt owed on the Fleet Bank account. A true and correct copy of the April 6, 2007 letter is attached hereto as Exhibit " C".

24. The David Taylor & Associates letter goes on to state that it was seeking to collect a $2, 231.17 debt on behalf of Norfolk Financial. See Exhibit C.

25. At no time did the David Taylor and Associates letter indicate that a Judgment was being sought or even that a Judgment had been issued against Plaintiff. See Exhibit C.

26. Plaintiff sent off a letter to David Taylor & Associates disputing the alleged debt.

27. Plaintiff had no response from either David Taylor & Associates or Norfolk Financial Corporation and heard nothing further in regards to the alleged debt until two (2) years later, when Defendant sent Plaintiff correspondence dated January 12, 2009.

28. Defendant's January 12, 2009, letter came in an envelope with a clear address window showing Plaintiff address. Below Plaintiff's address can clearly be seen "Norfolk Financial Corp. v. Christina F. Ma…" indicating to third parties that Plaintiff was involved in a law suit. A true and correct photo of the January 12, 2009 envelope is attached hereto as Exhibit " D".

29. Defendant's first correspondence, the January 12, 2009 letter to Plaintiff states that a judgment has been issued against Plaintiff on behalf of Norfolk Financial Corporation. A true and correct copy of the January 12, 2009 letter is attached hereto as Exhibit " E".

30. This correspondence was the first time that Plaintiff learned a judgment had been awarded against her.

31. Defendant's letter goes on to threaten Plaintiff that unless she "work out something" with Defendant that was satisfactory to both Plaintiff and Norfolk Financial Corporation, Defendant would "forward a Writ of Execution to the sheriff in [Plaintiff's] county in order to seize and auction [her] property including vehicles." See Exhibit E.

32. Defendant's letter continues the threat by stating "will you pay the current

- 5 -

balance due now, or will you wait until the sheriff contacts you?" See Exhibit E.

33. Due to the threatening nature of the letter Plaintiff contact Defendant and spoke with Defendant's representative "Lenia".

34. When Plaintiff inquired from "Lenia" the specifics of the debt, such as who was the alleged debt with, why was there a judgment against her "Lenia" told Plaintiff to shut up and contact an attorney.

35. Over a year later, on or around March 9, 2010, Defendant sent Plaintiff another correspondence again seeking payment on the judgment. A true and correct copy of the March 9, 2010 letter is attached hereto as Exhibit " F".

36. Defendant's March 9, 2010 letter states "NOTICE OF JUDGMENT" across the top and continues "A judgment, which will accrue post-judgment interest each year by law, has been entered against you." See Exhibit F.

37. Defendant's March 9, 2010, letter closes by threatening Plaintiff "do not ignore this letter!" See Exhibit F.

38. To date, despite threats to the contrary, Defendant has not forwarded a Writ of Execution to the sheriff or taken other legal action against Plaintiff, thereby indicating it did not intend to take the action previously threatened.

39. Upon information and belief, Defendant on behalf of Norfolk Financial Corporation, without notice, sought and was awarded a judgment against Plaintiff.

40. At no time did Defendant inform Plaintiff of her right to dispute the alleged debt and/or request verification of the alleged debt.

41. Upon information and belief, Defendant acted with malicious, intentional, willful, reckless, negligent and wanton disregard for Plaintiff's rights with the purpose of coercing

Plaintiff into paying the alleged debt and that Defendant thereby caused Plaintiff harm.

## CONSTRUCTION OF APPLICABLE LAW

42. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

43. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

44. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less

experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

45. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated of the FDCPA generally;

    b. Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    c. Defendant violated § 1692d(2) of the FDCPA by using obscene or profane language to abuse the Plaintiff in connection with the collection of an alleged debt;

    d. Defendant violated § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    e. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken;

    f. Defendant violated § 1692e(10) of the FDCPA by using false representations

or deceptive means to collect or attempt to collect a debt;

g. Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

h. Defendant violated § 1692f(8) of the FDCPA by using any language or symbol, other than Defendant's address, on any envelope when communicating with a consumer by use of the mails or by telegram;

i. Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt;

j. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHRISTINA BAREFOOT, demands a jury trial in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHRISTINA BAREFOOT, respectfully pray for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

     c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

     d.    Any other relief deemed appropriate by this Honorable Court.

RESPECTFULLY SUBMITTED,

DATED: January 14, 2011          KIMMEL & SILVERMAN, P.C..

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel
Attorney ID # 662924
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com